UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| IVAN N. GONZALEZ, | No. 2:14-cv-0280-MCE-EFB P |
|---|---|
| Plaintiff, | |
| v. | ORDER GRANTING IFP AND FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION AS FRIVOLOUS AND FOR FAILURE TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915A |
| ARAMARK, | |
| Defendant. | |

Plaintiff is a county inmate proceeding without counsel in an action brought under 42 U.S.C. § 1983. In addition to filing a complaint, plaintiff seeks leave to proceed in forma pauperis.

**I.   Request to Proceed In Forma Pauperis**

Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

**II.   Screening Requirement and Standards**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion

of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)). While the complaint must comply with the "short and plaint statement" requirements of Rule 8, its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555-557. In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. at 1949.

Furthermore, a claim upon which the court can grant relief must have facial plausibility. *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. When considering whether a complaint states a

/////

/////

2

claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

### III.    Screening Order

The court has reviewed plaintiff's complaint pursuant to § 1915A and finds it must be dismissed as frivolous and for failure to state a claim. Plaintiff's claim consists of the following: "Aramark keeps serving me the same varieties of food day in and day out. It is always the same." As relief, plaintiff requests that "the court . . . stop this and fine them so it will open there [sic] eyes and make them listen to inmates that have a legitimate claim." ECF No. 1, §§ IV, V.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Plaintiff does not allege that Aramark is a state actor. Nor does he identify a violation of any federal right. Even construed as an attempt to establish an Eighth Amendment claim, the allegations fail to state a colorable claim for relief.

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006). To show a violation of the Eighth Amendment, plaintiff must allege facts sufficient to support a claim that prison officials knew of and disregarded a substantial risk of serious harm to the plaintiff. *E.g., Farmer v. Brennan*, 511 U.S. 825, 847 (1994); *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998). Extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. *Hudson v. McMillian*, 503 U.S. 1, 9 (1992).

The Eighth Amendment requires only that prisoners receive food that is adequate to maintain health. *Graves v. Arpaio*, 623 F.3d 1043, 1050 (9th Cir. 2010) (per curiam). The food "need not be tasty or aesthetically pleasing." *Lemaire v. Maass*, 12 F.3d 1444, 1456 (9th Cir. 1993). Plaintiff's complaint that the food at the jail lacks variety does not establish a "sufficiently

serious" deprivation of "the minimal civilized measure of life's necessities." *Farmer*, 511 U.S. at 834. The allegations are plainly frivolous and fail to state a claim upon which relief could be granted. *See, e.g., Lemaire*, 12 F.3d at 1456 ("The fact that the food occasionally contains foreign objects or sometimes is served cold, while unpleasant, does not amount to a constitutional deprivation."); *Brown-El v. Delo*, 969 F.2d 644, 649 (8th Cir. 1992) ("[Plaintiff's] claim that his constitutional rights were violated when he was served cold food is frivolous"). The court finds that the complaint should be dismissed without leave to amend. *See Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) ("Under Ninth Circuit case law, district courts are only required to grant leave to amend if a complaint can possibly be saved. Courts are not required to grant leave to amend if a complaint lacks merit entirely."); *see also Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995) ("[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not be cured by the allegation of other facts.").

**IV.  Conclusion**

Accordingly, IT IS HEREBY ORDERED that;

1. Plaintiff's application to proceed in forma pauperis (ECF No. 2) is granted.
2. Plaintiff shall pay the statutory filing fee of $350. All payments shall be collected in accordance with the notice to the Sheriff of Solano County filed concurrently herewith.

Further, IT IS HEREBY RECOMMENDED that this action be dismissed as frivolous and for failure to state a claim and the Clerk is directed to close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The

/////

/////

1  parties are advised that failure to file objections within the specified time may waive the right to
2  appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez*
3  *v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).
4  DATED: May 21, 2014.

                    EDMUND F. BRENNAN
                    UNITED STATES MAGISTRATE JUDGE